Filed 7/31/26  P. v. Regalado CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DENNIS REGALADO, <br><br> Defendant and Appellant. | B341756 <br><br> (Los Angeles County <br> Super. Ct. No. MA058648) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Robert G. Chu, Judge.  Appeal dismissed.

Lisa Jensen, Jennifer Peabody and Olivia Meme, under appointments by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Dennis Regalado attempts to appeal from an order of the superior court denying his petition for resentencing. Because the order is not appealable, we dismiss the appeal.

## BACKGROUND

In 2014, appellant was convicted of assault with a firearm (Pen. Code,[1] § 245, subd. (a)(2)), two counts of criminal threats (§ 422, subd. (a)), dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1)), two counts of possession of a firearm by a felon (§ 29800, subd. (a)(1)), possession of ammunition (§ 30305, subd. (a)(1)), and dissuading a witness from testifying (§ 136.1, subd. (a)(1)). The jury found true the allegations that appellant personally used a firearm in the commission of the assault and two criminal threats counts (§ 12022, subd. (a)). Appellant admitted having two prior convictions under the "Three Strikes" law. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).) He was sentenced to a total of 113 years to life in state prison.

Defendant appealed, and in April 2015, this division reversed defendant's sentence on the grounds that it violated California's prohibition against cruel or unusual punishment. The matter was remanded for resentencing. (*People v. Regalado* (Apr. 14, 2015, B255074) [nonpub. opn.].)

Upon remand, on August 19, 2015, the trial court resentenced defendant to a total of 64 years to life. Defendant again appealed, and in April 2016, we again reversed defendant's sentence and remanded the matter for resentencing. (*People v. Regalado* (Apr. 5, 2016, B266688) [nonpub. opn.].)

On August 5, 2016, defendant was resentenced to 53 years to life in state prison. We affirmed the sentence. (*People v. Regalado* (June 13, 2017, B276909) [nonpub. opn.].)

In June 2024, appellant filed a preprinted form document in the superior court entitled, "Petition for Resentencing Pursuant [to] All

---

[1] Undesignated statutory references are to the Penal Code.

Applicable Sections of Penal Code §1170, §1171, §1172, and Assembly Bill 1540 (2021)." The document cited a number of relatively recent statutory amendments generally expanding the scope of scenarios under which a defendant may be eligible for resentencing. Defendant did not explain how he might personally benefit.

The trial court issued a minute order on September 25, 2024, denying the petition. The order cited to the former section 1170, subdivision (d)(1). Stating that "there is limited statutory exception . . . in that a sentencing court on its motion within 120 days of the penal commitment may recall the sentence and resentence the defendant," the order concluded that "[t]he Court is without jurisdiction to modify the sentence of the defendant." The order also referred to Senate Bill No. 81 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) (SB 81)—one of the legislative amendments cited in petitioner's filing—and noted that potential relief was only available for sentencing occurring after January 1, 2022.

## DISCUSSION

Under former section 1170, subdivision (d)(1), the trial court could, "within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the [S]ecretary [of the Department of Corrections and Rehabilitation] or the Board of Parole Hearings in the case of state prison inmates . . . or the district attorney of the county in which the defendant was sentenced, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced." (*Ibid.*; *People v. Magana* (2021) 63 Cal.App.5th 1120, 1124.) The Legislature has since expanded the court's resentencing authority, as currently codified in section 1172.1. "In particular, Assembly Bill No. 600 (2023–2024 Reg. Sess.) (Assembly Bill No. 600) amended section 1172.1 to allow a court to resentence a defendant 'on its own motion . . . at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law.'

3

(§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2)." (*People v. Griggs* (2025) 109 Cal.App.5th 1231, 1234.)

A defendant, however, "is not entitled to file a petition seeking relief from the court under this section." (§ 1172.1, subd. (c).) Furthermore, "[i]f a defendant requests consideration for relief under this section, the court is not required to respond." (*Ibid.*)

The trial court in this matter did not, on its own motion or otherwise, initiate a recall of defendant's sentence. Instead, defendant filed an uninvited petition for rehearing, which briefly referenced section 1172.1 among a host of other authorities. Apparently construing defendant's generic, omnibus petition as one seeking recall and resentencing under section 1172.1, the trial court (referencing the former, outdated section 1170, subdivision (d)(1)) denied the petition. Defendant now contends that this is an appealable order and seeks remand to the trial court for resentencing proceedings.

As we concluded in *People v. Hodge* (2024) 107 Cal.App.5th 985 (*Hodge*), "a defendant who chooses to file an unauthorized request for resentencing has no *right* to a ruling." (*Id.* at p. 996.) Accordingly, a trial court order denying a defendant's ineffective request for resentencing under section 1172.1 is not appealable. (*Id.* at pp. 998–999; see also *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696 (*Faustinos*) [appellate courts "lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1"].)

This conclusion follows from the rule that "[t]he right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 (*Loper*).) The absence of statutory authority for an appeal in this matter is clear. In addition to the direction that a defendant "is not entitled to file a petition" under section 1172.1 (*id.*, subd. (c)), section 1172.1, subdivision (d) requires a court to advise a defendant of the right to appeal only after ruling on an

4

"authorized" referral for resentencing. While it is true that a defendant may appeal " '*any* order' . . . made after judgment if it affects that party's 'substantial rights' " (*Loper*, at p. 1162), because the court has no obligation to rule on, or even respond to, an unauthorized request for resentencing under section 1172.1, an order denying such a request does not affect the defendant's substantial rights and thus is not appealable (*Hodge, supra,* 107 Cal.App.5th at pp. 996–999).

Defendant argues that his position is supported by *Loper, supra,* 60 Cal.4th 1155, and *People v. Carmony* (2004) 33 Cal.4th 367, both of which found a right to appeal under different conditions. We rejected a related argument in *Hodge, supra,* 107 Cal.App.5th at page 997. Neither *Loper* nor *Carmony* presented circumstances like those here. *Carmony* involved a direct appeal from sentencing, and concluded that "a trial court's refusal or failure to dismiss or strike a prior conviction allegation . . . is subject to review for abuse of discretion." (*Carmony*, 33 Cal.4th at p. 375.) Defendant in this matter already appealed, several times, from the trial court's sentencing decisions. He has no present right to directly appeal his sentence. *Loper* found an order denying compassionate release appealable "when the proceeding is properly initiated by prison or parole authorities as required by law." (*Loper*, 60 Cal.4th at p. 1158.) Neither case stands for the proposition that an order arising from a defendant's unauthorized, postjudgment resentencing petition confers a right of appeal.

Defendant further argues that the tenor of the denial order in this matter differs from orders in other cases finding a denial of a self-initiated request for resentencing under section 1172.1 not appealable. In *Hodge, supra,* 107 Cal.App.5th at page 991 and *People v. Roy* (2025) 110 Cal.App.5th 991, 995, the trial courts "decline[d]" to exercise discretion to recall and resentence, and in *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1045, the trial court took " 'no action' " on the request. Defendant asserts: "When a court articulates a specific

5

reason for its denial of a section 1172.1 request, that order and its reasoning should be appealable."

We do not agree that the text contained in the minute order in this case renders the order appealable when similar orders arising from unauthorized resentencing petitions have been found not to be appealable. The end result of the order is effectively the same. The trial court (mistakenly citing to an outdated statute) stated that it lacked jurisdiction to rule on defendant's resentencing request and denied the request without holding a hearing.[2] Any error on the part of the court in relying on a former statute did not transform petitioner's unauthorized petition into a potentially meritorious one. " ' "[A] ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason." ' " (*People v. Zapien* (1993) 4 Cal.4th 929, 976; see also *People v. Gallardo* (2000) 77 Cal.App.4th 971, 985 ["[A]ppealability depends upon the nature of the decision made, not the court's justification for its ruling"].) Further, as we observed in *Hodge,* it would be "irrational and arbitrary" to confer the right to appeal on a defendant whose unauthorized resentencing petition was formally denied by the court, while denying an appeal to a similarly situated defendant whose resentencing request was simply ignored. (*Hodge, supra,* 107 Cal.App.5th at p. 996.)

An appeal from an order on an unauthorized section 1172.1 request "whether couched as a denial, dismissal, or any other statement that the court is not acting," "does not affect the defendant's substantial rights." (*Faustinos*, *supra*, 109 Cal.App.5th at p. 696.) In

---

[2] As noted, the trial court also found that defendant was not entitled to relief under SB 81. Defendant does not contend on appeal that he has an independent right to resentencing under SB 81. (See § 1385, subd. (c)(7) [court's expanded authority to strike sentence enhancements "shall apply to all sentencings occurring after January 1, 2022"]; *People v. Burgess* (2022) 86 Cal.App.5th 375, 378 [dismissing appeal from denial of section 1385 resentencing motion].)

*Faustinos,* the defendant argued that the trial court appeared to believe that it lacked authority to act on its own resentencing motion, and that that apparent misunderstanding rendered the order appealable.  (*Id.* at p. 697.)  The appellate court rejected the argument, concluding, "We do not think that a court's phrasing of an order can convert a nonappealable order into an appealable one."[3]  (*Ibid.*)

The same conclusion is compelled here.  Fundamentally, defendant does not contend that he has a present, direct entitlement to resentencing.  He argues instead that, although he filed an unauthorized petition for resentencing, a denial of which normally would not be appealable, the order became appealable in this case because the trial court used flawed reasoning in denying it.  A right to appeal is not so easily established.  Because the trial court's order does not affect defendant's substantial rights, it is not appealable.

---

[3] *Faustinos* suggests that a defendant may have the right to seek relief via a petition for writ of habeas corpus when the trial court misapprehends its authority to initiate a section 1172.1 resentencing. (*Faustinos, supra,* 109 Cal.App.5th at p. 700.)  We have no cause to consider this suggestion, as there is no petition for writ of habeas corpus currently pending before us.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

CHAVEZ, J.

GOORVITCH, J.

8